# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Patricia S. Reed, Commissioner of the**
**West Virginia Division of Motor Vehicles,**
**Petitioner Below, Petitioner**

**FILED**

March 13, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 14-0712** (Kanawha County 13-AA-115)

**Charles Starcher,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner Patricia S. Reed[1], Commissioner of the West Virginia Division of Motor Vehicles, by counsel Janet E. James, appeals the final order of the Circuit Court of Kanawha County, entered June 26, 2014, affirming the decision of the Office of Administrative Hearings ("OAH"). The OAH rescinded the revocation of Respondent Charles Starcher's license to operate a motor vehicle in this state upon finding that petitioner failed to establish that respondent drove a vehicle while under the influence of controlled substances. Respondent appears by counsel David Pence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner contends that the evidence of record supports the commissioner's initial revocation. Her sole assignment of error is that the circuit court improperly discounted evidence of respondent's drug use and impairment. We find our standard of review for this matter in *Muscatell v. Cline, Commissioner*, 196 W.Va. 588, 474 S.E.2d 518 (1996), wherein Syllabus Point 1 expresses our holding that

> [o]n appeal of an administrative order from a circuit court, this Court is bound by
> the statutory standards contained in W.Va. Code § 29A–5–4(a) [concerning

---

[1] While this case was pending before the Court, Patricia S. Reed replaced Steven O. Dale as Commissioner of the West Virginia Division of Motor Vehicles. Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, the name of the current public officer has been substituted accordingly in this action.

1

contested cases under the West Virginia Administrative Procedures Act] and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.

*Accord*, Syl. Pt. 1, *Ullom v. Miller, Comm'r*, 227 W.Va. 1, 705 S.E.2d 111 (2010).

The facts relevant to our evaluation of the circuit court's order are undisputed. In July of 2011, Charleston Police Department Senior Patrolman C.E. Sizemore, the investigating officer, responded to a call for assistance from other officers at a daycare to which respondent had driven his four-year-old daughter for supervised visitation with the child's mother. Respondent was creating a disturbance at the facility, and officers noted that his speech was slurred, he was unsteady on his feet, and his pupils were dilated. Officer Sizemore administered standard field sobriety tests (horizontal gaze nystagmus, walk-and-turn, and one-leg stand), and later testified at the administrative hearing that respondent failed each test. Respondent advised officers on the scene that he had taken several medications, including morphine, within the three-hour period prior to his driving to the daycare. Respondent was placed under arrest.

Petitioner issued an order of revocation in August of 2011, and respondent requested an administrative hearing. In addition to the evidence described above, the appendix record on appeal shows that respondent testified at the hearing that he walks unsteadily and with a limp because of a back injury. (A letter written by respondent's physician and presented at the hearing explains that respondent suffers from lumbar disc disease and chronic back pain, for which the physician prescribes morphine.) Of import, Officer Sizemore agreed with petitioner's counsel during cross-examination that the ingestion of morphine would cause constricted, not dilated, pupils and that morphine would not cause nystagmus onset.

The Office of Administrative Hearings entered a decision on August 16, 2013, in which the hearing examiner wrote that respondent's "speech was likely slurred [on the morning of his arrest] because he was upset and naturally talks with a distinct drawl." She also wrote that respondent's unsteady gait and failure of the walk-and-turn and one-leg stand tests were explained by his back injury. She found that respondent's nystagmus onset and dilated pupils were not evidence of morphine impairment. The Office of Administrative Hearings rescinded the order of revocation. Petitioner appealed, and the Circuit Court of Kanawha County affirmed the decision. This appeal followed.

On appeal, petitioner argues that respondent's failure of the standard sobriety tests, together with the slurred speech, unsteady gait, dilated pupils, and admission of having taken a controlled substance, all observed by the investigating officer, is sufficient evidence to support the commissioner's revocation. However, the hearing examiner, who had the opportunity to observe respondent, found that the failure of the field sobriety tests and the unsteady gait were attributable to respondent's pre-existing physical impairment, and that any speech defects were likely the result of his emotional state and a pronounced "drawl." Furthermore, the hearing examiner found, based on the cross-examination testimony of Officer Sizemore, that neither respondent's dilated pupils nor his nystagmus onset was evidence of morphine intoxication. As this Court explained in *Modi v. West Virginia Board of Medicine*, 195 W.Va. 230, 239, 465

S.E.2d 230, 239 (1995),

> findings of fact made by an administrative agency will not be disturbed on appeal unless such findings are contrary to the evidence or based on a mistake of law. In other words, the findings must be clearly wrong to warrant judicial interference. Accordingly, absent a mistake of law, findings of fact by an administrative agency supported by substantial evidence should not be disturbed on appeal.

(Citations omitted). In consideration of the unique facts before us, and mindful of the exclusive role of the hearing examiner in recording observations and making credibility determinations, we find that the administrative findings are supported by sufficient evidence. The hearing examiner's conclusion is plausible and there is no clear error warranting the circuit court's—or our—interference.

For the foregoing reasons, we affirm.

Affirmed.


**ISSUED:** March 13, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum

**DISSENTING:**

Justice Brent D. Benjamin

**DISSENTING AND WRITING SEPARATELY:**

Justice Allen H. Loughry II

Loughry, J., dissenting:

The preponderance of the evidence in this case proved that Mr. Starcher drove a motor vehicle while under the influence of one or more drugs. Accordingly, the administrative revocation of his driver's license should have been upheld.

Mr. Starcher admitted that he ingested thirty to sixty milligrams of morphine less than three hours before driving his young daughter to a child visitation center. This morphine was in addition to an antibiotic, a blood pressure medication, and an antidepressant that he ingested.

Moreover, Mr. Starcher's belligerent behavior at the visitation center was a strong indicator that he was under the influence. He created such a disturbance that the center's employees telephoned police to report their belief that he was under the influence of either drugs or alcohol. Mr. Starcher claims that his behavior and his Appalachian "drawl" were simply misinterpreted as evidence of impairment, but the center's employees would have seen and heard him during his multiple prior visits and they never before found it necessary to seek assistance from law enforcement.

Upon arriving at the center, the arresting officer heard Mr. Starcher's slurred speech, observed that his eyes were dilated, and observed that he was unsteady while walking and standing. Accordingly, the officer administered field sobriety tests, which Mr. Starcher failed. At the administrative hearing, Mr. Starcher claimed that he was unable to pass the one leg stand and walk and turn tests because of herniated discs in his back. However, he did not claim that his back problems caused him to be unsteady while engaging in normal standing and walking in the officer's presence. Instead, he simply denied that he was unsteady. Other than his after-the-fact, self-serving denials, there is nothing to rebut the officer's observations that Mr. Starcher was unsteady and had slurred speech.

Because there was sufficient evidence that Mr. Starcher drove a motor vehicle while he was under the influence of one or more drugs, the OAH was clearly wrong to overturn the Commissioner's revocation order. *See* Syl. Pt. 2, *Shepherdstown Volunteer Fire Dept. v. State ex rel. State of W.Va. Human Rights Comm'n*, 172 W.Va. 627, 309 S.E.2d 342 (1983) (recognizing that under W.Va. Code § 29A-5-4(g), court "shall" reverse, vacate or modify order that is clearly wrong in view of reliable, probative and substantial evidence on whole record). Accordingly, I respectfully dissent.